Thomson, J.,
delivered the opinion of the court.
Action by The Majestic Manufacturing Company against The Pueblo Hardware Company to recover $173.50, the value of goods, wares and merchandise sold by the plaintiff to the defendant. Defense, a contract between plaintiff and defendant that the defendant should have the exclusive building and sale, in the city of Pueblo, Colorado, of the plaintiff’s stoves and ranges for one year; and that plaintiff would not sell stoves and ranges to any other dealer in Pueblo during that time; which contract the plaintiff violated by selling" and delivering, within the year, large numbers of stoves and ranges to other dealers in Pueblo, so that defendant’s trade was injured and its business damaged in the sum of $150; also a sale by plaintiff to defendant of a range warranted to be perfect, but which was imperfect and useless, to the defendant’s further damage in the sum of $60.00; also a sale to defendant of a defective water-front, to its damage $10.00. There was a replication denying the averments of the answer.
*492 The cause was submitted to a jury. It was admitted that the plaintiff had sold the defendant goods and ranges of the value o£ $173.50, which had not been paid for. The -defendant made some proof of the damage sustained on account of the defective range and water-front. There was also evidence concerning the loss of trade sustained by the defendant on account of sales by the plaintiff to other dealers. The jury returned a verdict for the defendant of $192. The plaintiff moved for a new trial on the ground, among others, of the insufficiency of the evidence to justify a verdict. The motion was overruled, and the court proceeded to render judgment as follows: It computed interest on the verdict from November 11, 1892, at 8 per cent per annum, making the amount $213.69; it also added interest at the same rate, for the same period, to the $173.50, admitted to be due the plaintiff, making the total $193.03; it then deducted the latter amount from the former, and gave the defendant judgment for $20.66, the difference. The case is here on appeal from this judgment.
The singular action of the court in constructing a judgment upon the verdict we do not find it necessary to comment upon. Defendant’s counsel says that the jury, in addition to their general verdict, made special findings that the damage on account of the imperfect range was $34.00, and of the defective water-front $8.00; and that the defendant had been damaged $150 by the plaintiff’s breach of its contract-giving the defendant the exclusive sale of its goods. These findings are not in the record, but we shall accept counsel’s statement, and assume that the general verdict was composed of the items he mentions.
Possibly there was enough of evidence to sustain the finding of damages on account of the defective range and waterfront, and therefore that finding will not be noticed. It was in the proof necessary to entitle it to the other damages that the defendant failed. There was no sufficient evidence that any such contract concerning the exclusive sale by the defendant of the plaintiff’s goods, as is alleged in the answer, *493 was ever made. The principal witness for the defendant was G. T. Nash, defendant’s general manager. He testified that there was a verbal contract between him as manager, and Mr. Odor, the plaintiff’s agent, that the defendant should have the exclusive right to sell the plaintiff’s goods in Pueblo for a year; but the conversation which he detailed between himself and Mr. Odor, as constituting the contract, made no mention of any exclusive right, of any kind, to be given to his company. He was closely pressed for the entire conversation, and said that he had given it all; that to enable him to state anything further concerning it, his memory must be refreshed. His memory was not refreshed.
In saying that he had a contract, he merely stated an inference of his own. The facts from which he inferred the contract did not justify the inference. Whether there was a contract or not, was a question of law, to be determined upon the facts in evidence; and as those facts did not show a contract, the conclusion which the witness deduced from them is not to be regarded.
Mr. Gibbs, the defendant’s bookkeeper, was also a witness, and his testimony was of exactly the same character as that of Mr. Nash.
The verdict was not supported by the evidence and the judgment must be reversed.

Reversed-.